United States District Court
Southern District of Texas
**ENTERED**
April 02, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| VALENTIN ORTIZ, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 1:17-cv-0161 |
| § | |
| LORIE DAVIS, Director, Texas § | |
| Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| Respondent. § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Respondent Lorie Davis's Amended Motion for Summary Judgment with Brief in Support (hereinafter, Davis's "Amended Motion" or "Amended Motion for Summary Judgment"). Dkt. No. 26. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Davis's Amended Motion for Summary Judgment; (2) **DISMISS** Petitioner Valentin Ortiz's Amended 28 U.S.C. § 2254 Petition (hereinafter, Ortiz's "Amended Petition" or "Amended § 2254 Petition"), as supplemented; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of the Court to close this civil action.

### I. Jurisdiction

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241, and § 2254, which provide that jurisdiction is proper in the federal district where the inmate is confined, or where his state conviction was

obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II. Background

On April 20, 2000, a jury convicted Ortiz of murder in Cameron County, Texas. Dkt. No. 18-5 at 108-112. The trial court sentenced Ortiz to fifty years of imprisonment and assessed a $10,000.00 fine. *Id*. at 108, 110. The Texas Thirteenth Court of Appeals affirmed Ortiz's conviction on June 13, 2002. Dkt. No. 17-5 at 9; *Ortiz v. State*, No. 13–00–00454–CR, 2002 WL 34250168 (Tex. App.—Corpus Christi-Edinburg Jun. 13, 2002). The Thirteenth Court of Appeals summarized the underlying facts of Ortiz's case as follows:

> Ortiz worked as an "enforcer" for a drug dealing organization. The victim, Jose Alonso Ramos, worked as a distributor, or "middle manager," for the organization. On the Saturday night before the incident in question, Ortiz, Ramos, and others associated with the drug organization went to a nightclub in Matamoros, Mexico. At one point during the evening, Ramos told Ortiz not to smoke marijuana while they were at the club. Ortiz became upset and started to yell at Ramos. Ramos left the club and went home.
>
> The next weekend, Ortiz returned to the same nightclub and was approached by a group of men who told him he better "be cool" or he would be killed. Ortiz assumed Ramos had the men threaten him because of the events at the club the previous weekend. Ortiz and the men left the club and went to a friend's house to "party." At the party, they ran out of beer. Ortiz and his friend, Alberto Sanchez, went to Ramos's house to get more beer. As Ramos brought beer out to their car, Ortiz approached Ramos and hit him in the head with a beer bottle. Ortiz then put Ramos in the car, and he and Sanchez drove to a vacant lot. Ortiz removed Ramos from the car, "pistol whipped" him, then shot him fourteen times. Five shots were to Ramos's head.

*Ortiz v. State*, 2002 WL 34250168 at 1.

Ortiz filed a motion for an extension of time to file a motion for rehearing on June 28, 2002. Dkt. No. 17-6. The Thirteenth Court of Appeals granted Ortiz's motion (Dkt. No. 17-7), but Ortiz never filed a motion for rehearing,[1] and he did not file a petition for discretionary review. Dkt. No. 1 at 7. More than 11 years later, on November 18, 2013, Ortiz filed a state application for writ of habeas corpus. Dkt. No. 18-5 at 4, 6. On January 29, 2014, the Texas Court of Criminal Appeals denied his application without written order, upon the findings of the trial court, without a hearing. *Id.* at 2, 72-86.

On July 11, 2017, Ortiz filed an untitled motion in the Houston Division which attacked his conviction and sought "a certificate of appeallability to federal courts" to "prove [his] innocence." Dkt. No. 1 (errors in original). In this motion, Ortiz asked the court to consider his claims, stating that the "Court of Criminal Appeal would not respond" to his "request to request of certificate of appealability[.]" *Id.* at 2 (errors in original). Ortiz then filed his instant Amended § 2254 Petition (Dkt. No. 5), and United States District Judge Melinda Harmon transferred Ortiz's case to this Division. Dkt. No. 8.

Upon receipt of Ortiz's case, this Court ordered Davis to respond to Ortiz's Amended Petition, as supplemented by his untitled motion, on or before October 30, 2017. Dkt. No. 9. Davis filed a motion for summary judgment (hereinafter, Davis's "First Motion for Summary Judgment"), but her motion failed to comply with the

---

[1] The updated docket for *Ortiz v. State* may be viewed online by clicking the update button for the docket. *See* No. 13–00–00454–CR, 2002 WL 34250168 (Tex. App.—Corpus Christi-Edinburg Jun. 13, 2002).

Court's instructions regarding citations to the record. Dkt. No. 14. Due to this noncompliance, the Court denied Davis's First Motion for Summary Judgment without prejudice to refiling. *See* Dkt. No. 19 (ordering Davis to file an amended motion for summary judgment which complied with the Court's instructions). Despite the Court's ruling, or perhaps in ignorance of it, Ortiz filed a response to Davis's First Motion for Summary Judgment (hereinafter, Ortiz's "First Response") on November 14, 2017. Dkt. No. 24.

Davis filed her instant Amended Motion for Summary Judgment on November 28, 2017. Dkt. No. 26. Davis's Amended Motion asserts that Ortiz's claims are time-barred, and that Ortiz is not entitled to equitable tolling. *Id*. at 6-10. On January 9, 2018, attorney Octavio M. Rivera Bujosa filed a Motion for Leave to File Notice of Appearance on Behalf of Petitioner Valentin Ortiz. Dkt. No. 32. The Court granted this motion, along with a motion requesting an extension of time to file a response to Davis's Amended Motion for Summary Judgment. Dkt. Nos. 33 and 38. Despite Mr. Bujosa's representation, Ortiz filed a pro se "Response to Motion Amended Summary Judgement (hereinafter, Ortiz's "Pro se Response") on January 12, 2018. Dkt. No. 34 (errors in original).

Mr. Bujosa then filed a "Response to Respondent Davis's Amended Motion for Summary Judgment" (hereinafter, "Ortiz's Response") on February 26, 2017. Dkt. No. 39. Ortiz's Response acknowledges that his § 2254 claims are time-barred, and that he is not entitled to equitable tolling. *Id*. at 2. Nevertheless, Ortiz suggests

that his claims should be heard because he can make a credible showing of actual innocence. *Id.* at 2-3.

### III. Governing Law

The applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA")[2] govern petitions brought under 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 335-336 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 97–98 (2011).

Codified as amended at 28 U.S.C. § 2244(d), the AEDPA also provides for a one-year limitations period applicable to petitions filed under 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 336. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

---

[2] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

>   the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In "rare and exceptional circumstances," a § 2254 petitioner may be entitled to an equitable tolling of his AEDPA limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner will only be entitled to equitable tolling "if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotation marks omitted). *See also Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (same). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 650 U.S. 631, 653 (internal quotation marks and citations omitted). The movant bears the burden of establishing an entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir.

2000)). Determining whether to apply the equitable tolling doctrine often requires courts to make a "judgment call," and the decision is "an exercise of discretion by the district court." *Alexander v. Johnson*, 294 F.3d 626, 630 (5th Cir. 2002).

Additionally, if a petitioner can demonstrate his actual innocence, he may overcome the bar to review created by the AEDPA limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). As the Supreme Court held in *McQuiggin v. Perkins*, a tenable claim of actual innocence serves as a gateway through which a petitioner may pass despite the fact that his claims are untimely. *Id*. Still, tenable actual innocence claims are rare, and the petitioner may not proceed through the gateway unless he produces new, reliable evidence of his innocence. *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

The standard applied when ruling on a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 56(a). In pertinent part, Rule 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*, *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986) (same). Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion for

summary judgment. Rule 56 requires that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), *cert. denied*, 531 U.S. 831, 121 S.Ct. 84 (2000). District courts considering motions for summary judgment in ordinary civil cases are required to construe the facts in the case in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255. Nevertheless, Rule 56's application in the federal habeas context differs from its application in "the average civil case." *Torres v. Thaler*, 395 F. App'x 101, 106 (5th Cir. 2010) (citing *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274, 124 S.Ct. 2562, 159 L.Ed.2d 384 (2004)). As the Fifth Circuit has explained:

> the rule applies only to the extent that it does not conflict with the habeas rules. Therefore, § 2254(e)(1)-which mandates that findings of fact made by a state court are "presumed to be correct"— overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party.

*Smith v. Cockrell*, 311 F.3d 661, 668.

## IV. Discussion

Ortiz's Amended Petition, as supplemented by his untitled motion, attacks his trial and conviction. Dkt. No. 1 at 1-2; Dkt. No. 5 at 2, 6-7; *see also* Dkt. No. 26 (correctly summarizing Ortiz's claims) and Dkt. No. 39 at 4 (containing Ortiz's

acknowledgment that Davis has "correctly understood" his claims). As such, his one-year AEDPA limitations period began to run on "the date his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Thirteenth Court of Appeals affirmed Ortiz's conviction on June 13, 2002. Dkt. No. 17-5 at 9. The Thirteenth Court of Appeals then gave Ortiz until September 28, 2002 to file a motion for rehearing. Dkt. No. 17-7. As Ortiz did not file a motion for rehearing, his conviction became final on October 28, 2002, when his time to file a petition for discretionary review expired. *See* TEX. R. APP. P. 68.2 (providing a 30-day time period for the filing of a petition for discretionary review); *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (conviction becomes final when the time for seeking further direct review in the state court expires).

Ortiz's AEDPA limitations period expired one year later on October 28, 2003. 28 U.S.C. § 2244(d)(1)(A). Ortiz did not file his first state application for writ of habeas corpus until November 18, 2013. Dkt. No. 18-5 at 4, 6. Thus, his state application did not toll his AEDPA limitations period,[3] and his instant § 2254 claims are time-barred by over 13 years because Ortiz did not initiate this civil action until July of 2017. *See* Dkt. No. 1 at 1-3. Further, neither Ortiz's pro se submissions, nor the submissions of his counsel, argue that Ortiz is entitled to an equitable tolling of his limitations period. *See* Dkt. Nos. 1, 5, 24, 34, 39. In fact, as

---

[3] *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

mentioned above, Ortiz acknowledges that his claims are time-barred and that he is not entitled to an equitable tolling of his AEDPA limitations period. Dkt. No. 39 at 2 ("It seems that Respondent is correct in her assertion that pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Ortiz's petition is untimely and barred by that statute of limitations and also; not entitled to equitable tolling.").

Despite his untimeliness, Ortiz argues that he should be allowed to proceed because he is actually innocent. Dkt. No. 39 at 2-4. As noted above, if a petitioner can demonstrate his actual innocence, he may overcome the bar to review created by the AEDPA limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386. In *McQuiggin v. Perkins*, the Supreme Court held that a tenable claim of actual innocence serves as a gateway through which a petitioner may pass despite the fact that his claims are untimely. *Id*. Still, tenable actual innocence claims are rare, and the petitioner may not proceed through the gateway unless he produces new, reliable evidence of his innocence. *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329).

Here, Ortiz's actual innocence argument is somewhat perplexing. In essence, he argues that he can show actual innocence because no Texas Court of Appeals has had the opportunity to adjudicate his instant claims since he did not raise them on appeal or in his state application for habeas relief. Dkt. No. 39 at 3-4.

> Mr. Ortiz respectfully submits to consideration of the Honorable Court that no Texas' "Court of Appeals" has adjudicated the issues

> raised by Mr. Ortiz in the instant petition. Those issues, as correctly understood by the Respondent in her motion for summary judgment, were not part of the issues raised by Mr. Ortiz in his appeal or in his writ of habeas corpus pursuant to Tex. Code. Crim. Proc. Art. 11.07.
>
> As explained by the Honorable Justice Rodriguez in her opinion; Mr. Ortiz "generally contends the trial court erred in denying his motion for mistrial and denying his request for jury instructions". Similarly, Mr. Ortiz' writ of habeas corpus pursuant to Tex. Code. Crim. Proc. Art. 11.07 did not advance any of the issues or controversies raised by Mr. Ortiz in the instant matter. Therefore, Mr. Ortiz respectfully submits to the consideration of this Honorable Court that there is a genuine controversy of material fact before the Honorable Court as to whether or not, Mr. Ortiz could show to the Honorable Court that it is more likely than not that no reasonable juror would have convicted him in the light of the evidentiary claims raised by Mr. Ortiz in the instant matter.

*Id*. (errors in original, record citations omitted).

The fact that Ortiz has failed to raise his claims before the Texas Court of Criminal Appeals does not render them subject to review before this Court on the grounds of actual innocence.[4] Ortiz's Response does not refer to or rely upon any new evidence to support his actual innocence argument. Additionally, Ortiz's pro se submissions do not refer to or rely upon any new evidence of actual innocence. *See* Dkt. Nos. 1, 5, 24, 34. Instead, Ortiz's pro se submissions make a variety of conclusory claims about evidence that existed at the time of his trial. *Id*. For example, Ortiz: (1) accuses his counsel of failing to discover evidence; (2) accuses the State of suppressing evidence; and, (3) accuses the witnesses against him of perjuring themselves. Dkt. No. 5 at 6-8. Moreover, despite indicating that he would be able to show his actual innocence in the future if he were allowed to proceed,

---

[4] In fact, as Davis suggests and reserves the right to argue, Ortiz's failure to bring his instant claims before the Texas Court of Appeals could subject them to dismissal under the procedural default doctrine. *See* Dkt. No. 26 at 5.

Ortiz's current submissions do not make a credible showing of innocence now. *See* Dkt. Nos. 1, 5, 24, 34, 39.

Ortiz has failed to show that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, he may not overcome the bar set by 28 U.S.C. § 2244(d)(1)(A) and this action should be dismissed with prejudice. *See Schlup v. Delo*, 513 U.S. 298, 329 ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."); *McQuiggin v. Perkins*, 569 U.S. 383, 386 (same).

## V. Certificate of Appealability

A certificate of appealability shall not issue unless the petitioner/movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (internal quotations and citations omitted). Said another way, where claims have been dismissed on the merits, the movant/petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. at 484. Where claims have been dismissed on procedural grounds, the

movant/petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Ortiz has not made a substantial showing of the denial of a constitutional right.

## VI. Recommendation

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Davis's Amended Motion for Summary Judgment; (2) **DISMISS** Ortiz's Amended Petition as supplemented; (3) **DECLINE** to issue a certificate of appealability; and (4) **DIRECT** the Clerk of the Court to close this civil action.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

Signed on this 2nd day of April, 2018.

                                            _____
                                            **Ignacio Torteya, III**
                                            **United States Magistrate Judge**